IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00263-FDW

CALVIN TYRONE EVERETT,               )
                                      )
              Plaintiff,              )
                                      )
        v.                            )
                                      )
GEORGE T. SOLOMON,                   )
Director of Prisons;                  )          **ORDER**
HUBURT CORPHUNING,                   )
Superintendent; CHRIS CRAWFORD,      )
Assistant Superintendent of Programs; )
MR. COTHRUN, Program Supervisor,     )
                                      )
              Defendants.             )
_____)

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint,

filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be

dismissed.

## I.        BACKGROUND

Plaintiff is an inmate presently confined in Central Prison in Raleigh, North Carolina. At

the time he filed the complaint, he was an inmate at Marion Correctional Institution within this

District. In his complaint, Plaintiff alleges defendants are violating his civil rights because they

will not recognize what he labels a proxy marriage as legitimate, and they will not allow him to

have his wedding band because, as defendants maintain, his proxy marriage is illegitimate.

## II.       STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner

"seeks redress from a governmental entity or officer or employee of a governmental entity." 28

U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.    DISCUSSION

It has long been established that North Carolina law does not recognize marriage by proxy. See 1-2 Lee's North Carolina Family Law § 2.5 (5th ed. 1999). Rather, in order for a marriage to be valid in North Carolina, among other things, the parties must be "each in the presence of the other" during the ceremony. N.C. Gen. Stat. § 51-1. See Overton v. Overton, 132 S.E.2d 349 (1963).

According to Plaintiff and the record in this matter, the marriage was conducted by proxy by one authorized to preside over such ceremonies in El Salvador in early February 2015. (1:15-cv-00263, Doc. No. 1-1 at 1). However, neither Plaintiff nor his reputed wife were present for

this ceremony. Although it is unclear where Plaintiff's fiancée was during this ceremony, Plaintiff was located in a prison in North Carolina following several felony convictions that he sustained in New Hanover County in January and February 2015.[1] Based on the foregoing, the Court finds that Plaintiff has failed to state a claim that his constitutional rights are being violated because it appears there is no valid marriage.

Plaintiff's claim that his rights are being violated because he is being denied the wedding ring that his alleged wife tried to send him fares no better. As Plaintiff observes, the North Carolina Department of Public Safety only allow a male inmate to possess a ring if it is a "wedding band (no gemstone)." (Id. at 15) (Prisons: Policy & Procedure Manual: Chapter F § .0503(a)(5)(B)).[2] Because Plaintiff is clearly not married under North Carolina law, he is not entitled to the ring.[3]

Finally, Plaintiff complains that he has been denied visitation with his purported wife. However, as Plaintiff admits in his complaint, the two grievances he filed related only to failure to acknowledge the validity of his marriage and refusal to allow him to assume possession of the ring. (Compl. at 2). The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

---

[1] This information regarding Plaintiff's whereabouts was obtained from the website maintained by the North Carolina Department of Public Safety.

[2] The full manual may be accessed at: http://www.doc.state.nc.us/dop/policy_procedure_manual/index.htm

[3] The Court also notes that to the extent any of the defendants have declined to recognize the validity of his proxy marriage or provide him with the ring, they are only following DPS procedure thus they cannot be held liable for following binding policy.

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court found that "exhaustion in cases covered by § 1997e(a) is now mandatory." <u>Id.</u> at 524 (citation omitted). The <u>Porter</u> Court went on to stress that the exhaustion requirement must be met before commencement of the suit. <u>Id.</u>  Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is incarcerated. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Because it plainly appears that Plaintiff has failed to exhaust his administrative remedies on the issue of visitation, this claim will be dismissed.

## IV.    CONCLUSION

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1). 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.


Signed: December 5, 2016


Frank D. Whitney
Chief United States District Judge